**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CV 16-1294-PHX-FJM (MHB) |
| Plaintiff/Respondent, | CR 04-0585-PHX-FJM |
| v. | **REPORT AND RECOMMENDATION** |
| Larry James Rady, | |
| Defendant/Movant. | |

TO HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE

Defendant/Movant Larry James Rady, who is represented by counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (CV 16-1294 ("CV") Doc. 1 and CR 04-0585 ("CR") Doc. 101.) Plaintiff United States of America (the "government") filed a Response, and Movant has filed a Reply. (CV Docs. 4, 5.)

## BACKGROUND[1]

According to the pleadings, Movant had multiple convictions in Arizona state court for a variety of crimes, including armed robbery, attempted aggravated assault and assault with a deadly weapon. (CV Doc. 4 at 2 (citing to PSR ¶¶ 35-36, 39); CR Doc. 93 at 8.) Following these convictions, in 2004, Movant possessed four firearms (including a silencer registered to another person in the National Firearms Registration and Transfer Record) in violation of federal law. He was charged and convicted of Felon in Possession of a

---

[1] The following facts are derived from the government's response, exhibits and attachments submitted thereto, Movant's pleadings, as well as, the other documents set forth in this matter's civil and criminal record.

1  Firearm/Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At
2  sentencing, and as contemplated by the plea agreement, his sentence (and the maximum and
3  mandatory minimum ranges for the offense) was statutorily enhanced by the Armed Career
4  Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On September 26, 2006, the Court imposed the
5  mandatory minimum sentence of 180 months of incarceration and five years of supervised
6  release (CR Doc. 94), with credit for time served dating back to June 2, 2004. (CV Doc. 4
7  at 2 (citing to PSR at 1).)

8  In the § 2255 Motion, Movant alleges that his sentence was rendered unlawful by the
9  Supreme Court's recent decision in Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551
10 (2015). Specifically, Movant claims that in the wake of Johnson, he no longer has three prior
11 convictions qualifying as "violent felonies" for purposes of the ACCA. Movant argues that
12 the Court should grant his § 2255 motion and resentence him to a term of imprisonment of
13 not more than 10 years, to be followed by a term of supervised release not more than 3 years.
14 He states that because he has served more than 10 years on the sentence imposed in the
15 underlying criminal case, the Court should also order his immediate release from federal
16 custody.

17 In its Response, the government contends that the Court should address the merits of
18 Movant's claim, and argues that the two separate 1974 armed robbery convictions and the
19 1983 attempted aggravated assault conviction are all valid predicates under the ACCA. As
20 such, the government asserts that the Court should deny relief in this matter.

## DISCUSSION

22 In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court examined
23 language from the ACCA, which provides for a mandatory minimum sentence of 15 years
24 of imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three prior
25 convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). There are
26 three "clauses" in the statute defining what type of prior crime qualifies as a "violent felony":

27 • The "elements" or "force" clause: "has as an element the use, or attempted use, or threatened use of physical force against the person of another";
28

- The "enumerated offenses" clause: "is burglary, arson, or extortion, [or] involves use of explosives" and

- The "residual" clause: "or otherwise involves conduct that presents a serious potential risk of physical injury to another."

See 18 U.S.C. § 924(e)(2)(B). The Supreme Court held that imposing an increased sentence under ACCA's residual clause violates the Due Process Clause because the residual clause is impermissibly vague on its face. Because no "principled and objective standard" could identify what crimes fell under the language of the residual clause, the Supreme Court held that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson, 135 S.Ct. at 2557. In so doing, the Court overruled its decisions in James v. United States, 550 U.S. 192 (2007), and Sykes v. United States, 564 U.S. 1 (2011), in which it had previously rejected vagueness challenges to the residual clause. See Johnson, 135 S.Ct. at 2563.

The Johnson Court explicitly noted that its decision "does not call into question application of the [ACCA] to ... the remainder of the Act's definition of a violent felony." 135 S.Ct. at 2563. This includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii). Johnson, 135 S.Ct. at 2563.

According to the factual basis set forth in the plea agreement, Movant had previously been convicted of the following offenses that were considered as "violent felonies" for ACCA purposes:

    a.      Arizona armed robbery (two counts), on March 13, 1974;

    b.      Arizona assault with a deadly weapon, on July 11, 1975;

    c.      Arizona attempted aggravated assault, on September 22, 1983, in violation of Ariz. Rev. Stat. §§ 13-1001, -1203(A)(2), and -1204(A)(2); and

    d.      Arizona third-degree burglary, on November 18, 1994, in violation of Ariz. Rev. Stat. § 13-1506.

Defendant admitted these five specific felonies in his plea agreement (CR Doc. 93 at 8), and at the plea colloquy (CR Doc. 105 - RT 02/03/2006 13), each of which was also reflected in

the PSR. (CV Doc. 4 at 4 (citing to PSR ¶¶ 35-36, 39, 48).) The Court also notes that the parties agree that the conviction for Arizona attempted aggravated assault qualifies as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i), and that the conviction for Arizona third-degree burglary does not qualify as a "violent felony." Thus, the parties both concede that this matter "rises and falls on whether or not the two separate armed robbery convictions [on March 13, 1974] are categorically crimes of violence."[2]

The record reflects that Movant robbed Karl Seichter on December 22, 1973, and again on December 25, 1973, in violation of the then-existing armed robbery statute in Arizona, A.R.S. §§13-641 and -643. (CV Doc. 4, Exh. C.) The release questionnaire affirmed by the State confirmed two robberies of the same victim three days apart. (Id.) The second offense at the victim's liquor store involved a robbery with gun that defendant pointed and cocked at the victim. (CV Doc. 4 at 5 (citing to PSR ¶ 35).) Defendant ultimately pleaded guilty to each separate robbery and was sentenced and convicted on each. (CV Doc. 4, Exh. C.)

The Ninth Circuit has found that the current iteration of the Arizona armed robbery statute is categorically a crime of violence.[3] See United States v. Taylor, 529 F.3d 1232, 1237 (9th Cir. 2008). "Armed robbery under Arizona law involves the threat or use of force; therefore, that offense is a crime of violence pursuant to [the similarly-worded U.S.S.G.] §

---

[2] Movant does not dispute that these two prior convictions count separately as ACCA predicates if, in fact, they are valid.

[3] Under A.R.S. 13-1904, "[a] person commits armed robbery if, in the course of committing robbery as defined in section 13-1902, such person or an accomplice:
   1. Is armed with a deadly weapon or a simulated deadly weapon; or
   2. Uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon."

Under A.R.S. 13-1902, "[a] person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property."

4B1.2(a)(1)." Id.; see United States v. Brice, 593 Fed. Appx. 709, 710-11 (9th Cir. 2015) (affirming an ACCA conviction and determining that two 2001 convictions for armed robbery qualify as violent felony convictions under the ACCA).

In comparison, Arizona's prior robbery statute, codified in A.R.S. § 13-641, and in effect in 1973 and through the recodification of Arizona criminal law several years later, defined robbery as "the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear." See State v. Bishop, 698 P.2d 1240, 1243 (Ariz. 1985). The case law in Arizona requires force "of such a nature as to show that it was intended to overpower the party robbed." Id. at 1241, 1243.

In [Curtis] Johnson v. United States, 559 U.S. 133 (2010), the Supreme Court clarified what constitutes a "violent felony" under the elements or force clause of the ACCA. The district court in Johnson imposed an additional sentence based on defendant's three prior "violent felony" convictions, one of which was for felony battery under Florida law. The Florida statute provided that "a battery occurs when a person either '[a]ctually and intentionally touches or strikes another person against his [will],' or '[i]ntentionally causes bodily harm to another person.'" Id. at 136-37. In reversing, the Supreme Court stated that the phrase "physical force" as used in the force clause of the ACCA "means violent force – that is, force capable of causing physical pain or injury to another person." Id. at 140-41. Applying the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990), the Court, relying on the Florida Supreme Court's interpretation of state law, held that because the Florida felony offense of battery could be committed by actually and intentionally touching another person, by any physical contact, no matter how slight, battery was not a "violent felony" under the ACCA.

Unlike the Florida battery statute at issue in [Curtis] Johnson, armed robbery under Arizona law is not a crime that can be accomplished any intentional physical contact – "no matter how slight." Rather, the Arizona Supreme Court interpreting Arizona's prior robbery statute at issue here, found that robbery requires a greater level of force, specifically, force

- 5 -

1  or fear of such a nature as to show that it was intended to overpower the party robbed. See
2  Bishop, 698 P.2d at 1243; see also State v. Garza Rodriguez, 791 P.2d 633, 637 (Ariz. 1990)
3  (en banc) (Citing Bishop, 698 P.2d at 1243, stating that the Arizona Supreme Court requires
4  a greater level of force, specifically, "force or a threat of imminent physical injury sufficient
5  to overpower the party robbed."); Lear v. State, 6 P.2d 426, 427-28 (Ariz. 1931) ("[t]he force
6  must be of such a nature as to overcome the person robbed regardless of his resistance – that
7  is, the robber's intention must be to overcome resistance at all events.").

8        Moreover, in addition to Arizona courts' interpretations of Arizona law, the Seventh
9  Circuit interpreted A.R.S. § 13-641 in the ACCA context in United States v. Nigg, 667 F.3d
10 929, 937 (7th Cir. 2012), and determined post-[Curtis] Johnson that Arizona armed robbery
11 (as set forth in A.R.S. § 13-641) is categorically an ACCA predicate. "Without further
12 belaboring the point, suffice it to say that armed robbery *with a gun* clearly fits the bill for
13 a violent felony under 18 U.S.C. § 924(e)(2)(B)(i)." Id. (emphasis original); cf. United States
14 v. Howard, 650 Fed. Appx. 466, 468 (9th Cir. 2016), as amended (June 24, 2016) ("Because
15 bank robbery by 'intimidation' – which is defined as instilling fear of injury – qualifies as
16 a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime
17 of violence."); United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990) (a conviction for
18 robbing a bank "by force and violence, or by intimidation," under 18 U.S.C. § 2113(a) is a
19 crime of violence for purposes of sentence enhancement as a career criminal under § 4B1.1);
20 see also Velasco v. United States, 2015 WL 8276806 at *4 (D.Ariz. 2015) (same,
21 post-[Curtis] Johnson, under the ACCA).

22       Movant's reliance on United States v. Dominguez-Maroyoqui, 748 F.3d 918 (9th Cir.
23 2014), United States v. Flores-Cordero, 723 F.3d 1085 (9th Cir. 2013), and United States v.
24 Parnell, 818 F.3d 974 (9th Cir. 2016) are unavailaing.[4]

25

---

26    [4] Movant also contends that the the Ninth Circuit's 2008 ruling in United States v.
27 Taylor, 529 F.3d 1232 (9th Cir. 2008) was implicitly overruled by [Curtis] Johnson. The
   Court disagrees. As recently as 2015, the Ninth Circuit relied on Taylor to conclude that a
28 defendant's convictions for Arizona armed robbery qualified as violent felony convictions

1    In United States v. Dominguez-Maroyoqui, 748 F.3d 918 (9th Cir. 2014), the Ninth
2 Circuit held that a statute criminalizing "any force whatsoever against a federal officer" was
3 not a crime of violence because it "does not require proof, as a necessary element, that the
4 defendant used, attempted to use, or threatened to use physical force as defined in *Johnson*,"
5 and encompassed conduct as minimal as "chasing [a] prosecutor down the street and
6 bumping into him," "walking up to [a] prosecutor and jolting her arm and shoulder,"
7 "grabbing [a] wildlife agent's jacket," or "spitting in [a] mail carrier's face." Id. at 921.
8 Similarly, in United States v. Flores-Cordero, 723 F.3d 1085 (9th Cir. 2013), as amended on
9 denial of reh'g (Oct. 4, 2013), the court held that a conviction for resisting arrest under
10 Arizona law "did not necessarily involve force capable of inflicting pain or causing injury
11 as contemplated by the Supreme Court's definition of violence in *Johnson*" because it
12 encompassed even a "minor scuffle." Id. at 1088. Finally, in United States v. Parnell, 818
13 F.3d 974 (9th Cir. 2016), held that a Massachusetts armed robbery statute criminalizing "any
14 force, however slight ... so long as the victim is aware of it" did not qualify as a crime of
15 violence, as it could entail even purse snatching. Id. at 979.

16    Such minimal force in these cases is far less than the strictures under Arizona's prior
17 robbery statute, as interpreted by the Arizona Supreme Court in Bishop. Thus, these cases
18 provide no support for the claim that "the elements of armed robbery under Arizona law as
19 it was defined in 1974 do not require the use of violent force as required by [Curtis] Johnson
20 v. United States (Johnson 2010), 559 U.S. 133 (2010)."

21    Accordingly, the Court finds that Arizona armed robbery at issue in this case is
22 categorically a crime of violence and, as such, Movant's two separate armed robbery
23 convictions (on March 13, 1974) are ACCA predicates. Thus, the Court finds that the two
24 separate 1974 armed robbery convictions and the 1983 attempted aggravated assault
25 conviction are all valid predicates under the ACCA. Movant is not entitled to any relief.

---

28 under the ACCA. See Brice, 593 Fed. Appx. at 711.

**CONCLUSION**

Having determined that Movant's claim is meritless, the Court will recommend that Movant's Motion to Vacate, Set Aside, or Correct Sentence be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (CV Doc. 1 and CR Doc. 101) be **DENIED and DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 9th day of January, 2017.

Michelle H. Burns
United States Magistrate Judge